[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10374
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02568-AT


DANIEL HARGROVE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA CORP.,
SECRETARY, US DEPARTMENT OF TREASURY,
SECRETARY OF THE STATE OF GEORGIA,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 21, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Hargrove, a Georgia prisoner, appeals *pro se* the district court's dismissal of his civil action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  In the instant complaint, Hargrove alleged that (1) the government had made the citizens of the United States "assets" to keep the government afloat after it went bankrupt in 1933; (2) the Fourteenth Amendment was invalid; (3) the United States was a corporation; and (4) Hargrove was owed $400,000,000, because he became the "secured party" and "holder in due course of the preferred stock" of the United States.  On appeal, Hargrove reiterates the allegations from his complaint.

We review *de novo* the district court's *sua sponte* dismissal of a complaint for failure to state a claim under § 1915A(b)(1), using the same standards that govern dismissals under Federal Rule of Civil Procedure Rule 12(b)(6).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Under § 1915A, the district court (1) shall review, either before docketing or as soon as practicable after docketing, a civil complaint brought by a prisoner against a government defendant, and (2) dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).  *Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and, thus, are construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  A legal claim or argument that is not briefed on appeal is deemed

2

abandoned.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In reviewing a court's dismissal of a complaint, we must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).  However, the complaint must allege facts that, if true, "state a claim to relief that is plausible on its face," and conclusory statements, without more, are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation omitted).

Hargrove abandoned his claim on appeal by failing to raise any legal argument challenging the district court's dismissal of his complaint.  Even if Hargrove's appellate brief could be construed as arguing that the district court erred in dismissing his complaint, Hargrove's complaint contains nothing more than conclusory, facially implausible allegations; thus, the district court did not err in dismissing his complaint for failure to state a claim.

**AFFIRMED.**

3